

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-1999

# Matteo v. Supt SCI Albion

Precedential or Non-Precedential:

Docket 96-2115

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Matteo v. Supt SCI Albion" (1999). *1999 Decisions.* Paper 97.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/97

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 12, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-2115

ANTHONY N. MATTEO,
        Appellant

v.

SUPERINTENDENT, SCI ALBION;
THE DISTRICT ATTORNEY OF THE COUNTY OF
CHESTER; THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 96-cv-06041
(Honorable Joseph L. McGlynn, Jr.)

Argued January 30, 1998
Before: MANSMANN, COWEN and RENDELL, Circuit Judges

Argued En Banc November 23, 1998
Before: BECKER, Chief Judge, SLOVITER, STAPLETON,
GREENBERG, SCIRICA, NYGAARD, ALITO, ROTH, LEWIS,
McKEE, RENDELL and COWEN, Circuit Judges

(Opinion Filed: March 24, 1999)

ORDER AMENDING OPINION

The slip opinion in the above case filed March 24, 1999
is hereby amended as follows:

1. On page 44, at the end of Section III, the foll owing
sentence should be added:

Judge Nygaard joins in this concurring opinion.

2. On page 45, line 3 – "Matteos" should be "Matteo's".

3. On page 45, line 5 – "Matteos" should be "Matteo's".

4. On page 45, line 14 – "interpretative" should be "interpretive".

5. On page 45, line 34 – end the single quote afte r the word "to".

6. On page 45, line 36 – "petitioners" shoul d be "petitioner's".

7. On page 47, line 14 – "petitioners" shoul d be "petitioner's".

8. On page 47, line 30 – "defendants" should  be "defendant's".

9. On page 47, line 38 – "cases" should be "case's".

10. On page 47, line 40 – "petitioners" should be "petitioner's".

11. On page 48, line 24 – "Teagues" should be "Teague's".

12. On page 48, line 26 – "(3)" should be "(d)".

13. On page 49, line 10 – "Matteos" should be "Matteo's".

14. On page 49, line 11 – "courts" should be  "court's".

15. On page 49, line 34 – "Matteos" should be "Matteo's".

16. On page 50, line 22 – "Matteos" should be "Matteo's".

17. On page 50, line 24 – "Lubkings" should be "Lubking's".

18. On page 50, line 28 – "Lubkings" should be "Lubking's".

19. On page 51, at the beginning of the first full paragraph, delete "I agree with the majority's analysis of S 2254(d)(1)" and replace with the following:

        I join in Parts I and II of the majority opinion,

20. On page 63, first full paragraph, line 8 the word "had" should be "has." The phrase should read: "if the state

court has disregarded the law or has engaged inflawed reasoning in applying it."

21. On page 64, the penultimate line of footnote 7, there should be a space between "S7841" and "(daily ed. June 7, 1995)."

BY THE COURT:

/s/ Anthony J. Scirica
Circuit Judge

Dated: April 12, 1999

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit